UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, | Case No. 2:24-cv-00495-GMN-NJK |
| Petitioner, | |
| v. | **ORDER** |
| JEREMY BEAN, et al., | |
| Respondents. | |

**Introduction**

Petitioner John Turner filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition" (ECF No. 4)), and Respondents move to dismiss ("Motion to Dismiss" (ECF No. 21)). Turner also filed a Motion for Relief Due to an Unconstitutional Punishment ("Motion for Relief" (ECF No. 25)), to which Respondents did not respond. The Court will grant the Motion to Dismiss and deny the Motion for Relief.

**Background**

Turner was arrested on March 26, 2022, for Attempted Murder and Battery with Use of a Deadly Weapon. ECF No. 15-2 at 2 (Exhibit 2). He was not transported to a Probable Cause hearing on March 28, 2022, due to his "being disruptive." ECF Nos. 15-1 at 2 (Exhibit 1); 15-4 at 2 (Exhibit 4). A Complaint charged him with two counts of Attempted Murder and three counts of Battery with Use of a Deadly Weapon, and bail was conditionally granted. ECF Nos. 15-6 (Exhibit 6); 15-8 at 17–20 (Exhibit 8). Court records state he was not in custody on March 29, 2022. ECF No. 15-1 at 3 (Exhibit 1). On March 30, 2022, he appeared in court with counsel, and was rebooked into custody. ECF Nos. 15-8 at 8 (Exhibit 8); 15-20 at 10 (Exhibit 20).

On April 21, 2022, Turner unconditionally waived preliminary hearing to enter into a Guilty Plea Agreement ("GPA") for one count of Battery with Use of a Deadly Weapon and a sentence of two to five years. ECF Nos. 15-12 at 3–4 (Exhibit 12); 15-15 at 2 (Exhibit 15).

Judgment was entered June 10, 2022, and Turner did not appeal. ECF No. 15-17 (Exhibit 17).

Turner filed a state Petition for Writ of Habeas Corpus (Post-Conviction) claiming unlawful detention after his arrest on March 26, 2022. ECF No. 15-20 at 7 (Exhibit 20). The state district court denied relief citing procedural bars and waiver of the claim due to the guilty plea. ECF No. 16-2 at 4–10 (Exhibit 30). Turner appealed, but the Nevada Court of Appeals affirmed the denial, and found no prejudice from his absence at the hearing on the petition and no abuse of discretion in denying his Motion to Appoint Counsel. ECF No. 16-18 (Exhibit 46). Turner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging two grounds for relief. (ECF No. 4).

## Discussion

**A. Motion to Dismiss**

    **1. Ground 1**

Turner alleges his conviction and/or sentence violates Due Process under the Fifth Amendment because he was hidden by officers to avoid release after his arrest. ECF No. 4 at 3. Respondents argue Turner's guilty plea bars consideration of this claim. ECF No. 21 at 7.

The Supreme Court has held "[a] guilty plea represents a break in the chain of events which has preceded it in the criminal process," such that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). *See, e.g.*, *United States v. O'Donnell*, 539 F.2d 1233, 1236–37 (9th Cir. 1976), *superseded by statute on other grounds as recognized in United States v. Smith*, 60 F.3d 595, 598 (9th Cir. 1995) (holding defendant's guilty plea waived challenge to delayed prosecution).

Turner's grievance that he was unlawfully detained in March of 2022, or that he is unlawfully imprisoned because of that unlawful detention, cannot result in habeas relief because, under *Tollett*, he waived claims relating to pre-plea detention when he pleaded guilty. Turner argues newly discovered evidence demonstrates his due process rights were violated on March 28, 2022. ECF No. 23. The documents he submitted are not new or newly discoverable. They

2

consist of a custody record, pretrial risk assessment, and state court documents that existed at the time Turner entered his guilty plea. *Id.*[1] Turner also relies on cases that do not apply to his circumstances.[2] ECF Nos. 4 at 3; 24 at 1. For instance, in *Davis v. Hall*, 375 F.3d 703 (8th Cir. 2004), the petitioner pursued damages under 42 U.S.C. § 1983 based on a 57-day prolonged pretrial detention after a judge ordered him released; however, the petitioner's plea had been reversed by the state Court of Appeals such that the petitioner was not bound by a plea agreement at the time of the challenged detention. *Id.* at 706–09. Ground 1 must be dismissed as the Court is barred from considering it under *Tollett*.

### 2. Ground 2

Turner claims his conviction and/or sentence violates the constitution due to false allegations in the Presentence Investigation Report ("PSI") and victim statements at sentencing. ECF No. 4 at 5. Respondents argue the claims are not cognizable. ECF No. 21 at 6.

A state prisoner is entitled to federal habeas relief if he is being held in custody "[p]ursuant to the judgment of a State court" "[i]n violation of the constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that district courts "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* A federal habeas court must therefore dismiss "claims that are clearly not cognizable." *See Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017). "Dismissal on the basis of cognizability is appropriate only where the allegations in the petition are vague [or] conclusory or palpably incredible, or patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d

---

[1] *Compare* ECF Nos. 15-20 and 23.

[2] In *Preiser v. Rodriguez*, 411 U.S. 475, 476, 500 (1973) state prisoners sought relief under 42 U.S.C. § 1983 to restore good-conduct-time credits that, if given, would result in their immediate release and the Supreme Court held their sole remedy was a writ of habeas corpus. In *Latiolais v. Whitley*, 93 F.3d 205 (5th Cir. 1996), prisoners raised claims of evidentiary error during a trial. *Surprenant v. Rivas*, 424 F.3d 5 9–12 (1st Cir. 2005) involved an appeal following a jury verdict in an action brought under § 1983 for pretrial detention violations, but there is no indication the petitioner, like Turner, entered a guilty plea that waived such claims. *Id.* In *Lemmons v. L. Firm of Morris & Morris*, 39 F.3d 264, 266–67 (10th Cir. 1994) a writ of habeas corpus ad testificandum granted prisoner the legal right to appear in a Worker's Compensation Court, but the district attorney prevented execution of the writ. And, *Smith v. Smith*, 578 F. Supp. 1373, 1373 (E.D. Pa. 1984) concerned a claim related to destruction and confiscation of property during imprisonment.

490, 491 (9th Cir. 1990) (internal quotation marks omitted) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). "A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim." *Clayton*, 868 F.3d at 845–46 (citing *inter alia Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding that federal habeas courts cannot review state court applications of state procedural rules)). Additionally, "[r]ule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

Turner's claims are not cognizable in habeas corpus because they are vague and conclusory. Turner's allegations that the PSI contains false statements, without identifying any false statements, are vague and conclusory and do not allege a federal claim for relief. His claim concerning victim statements at sentence is likewise vague and conclusory and does not allege a federal claim for relief as it fails to identify any legal or factual claim at all. Ground 2 is dismissed as not cognizable.

### B. Motion for Relief

Turner's Motion for Relief appears to respond to the arguments raised in the Respondents' Motion to Dismiss Ground 1 of the Petition. ECF No. 25. Turner's Motion for Relief refers to the claims in his Petition, the March 22, 2022, proceeding, cites cases, and attaches the same documents Turner alleges as new evidence. ECF Nos. 23; 24; 25. "Prisoner *pro se* pleadings are given the benefit of liberal construction." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is to be liberally construed"). Accordingly, Turner's arguments in the Motion for Relief are liberally construed as additional responses to the Motion to Dismiss made in support of Ground 1 of his Petition. Turner's arguments and authorities in the Motion for Relief, however, do not change the Court's conclusion that Ground 1 is foreclosed under *Tollett*.[3]

---

[3] The authorities cited in the Motion for Relief are irrelevant to the claims raised in the Petition and in response to the Motion to Dismiss. *See* ECF No. 25 at 1–2 (citing *Stack v. Boyle*, 342 U.S. 1 (1951) (involving a motion to reduce bail on the ground that bail as fixed was excessive under the Eighth Amendment); *United States v. Salerno*, 481 U.S. 739 (1987) (concerning pretrial detention on basis of future dangerousness); *Llewelyn v. Oakland Cnty. Prosecutor's Off.*, 402 F. Supp. 1379, 1393 (E.D. Mich. 1975) (involving claims by exhibitors against county attorney who seized copies of film and made arrests, and actions of city attorney who sought to enjoin exhibition of

Thus, the Motion for Relief is denied.

## Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 21) is granted. Petitioner John Turner's Petition for Writ of Habeas Corpus (ECF No. 4) is dismissed with prejudice.

It is further ordered that Petitioner's Motion for Relief Due to an Unconstitutional Punishment (ECF No. 25) is denied.

It is further ordered that a Certificate of Appealability is denied as jurists of reason would not find the Court's dismissal of the Petition debatable or wrong.

The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED: January 31, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

allegedly obscene film on basis of zoning ordinance prohibiting exhibition of such films within 1,000 feet of residence unless certain conditions were met)).